UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3247 FMO (JEMx) | Date | May 31, 2022 |
|---|---|---|---|
| Title | Peninsula Ventures I LLC v. Nano Vision PTE LTD, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Gabriela Garcia | None Present |
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

None Present                          None Present

**Proceedings:**   (In Chambers) Order to Show Cause Re: Dismissal

On May 17, 2021, the court dismissed an action brought by plaintiff Peninsula Ventures I LLC ("plaintiff") against defendant Nano Vision PTE LTD ("Nano") pursuant to the parties' stipulation for dismissal under Federal Rule of Civil Procedure 41(a)(2). (See Peninsula Ventures I LLC v. Nano Vision PTE LTD, Case No. 20-5332, Dkt. 34, Court's Order of May 17, 2021). The court did "not retain jurisdiction to enforce the settlement agreement." (See id.).

On May 12, 2022, plaintiff filed a new complaint against Nano and Steven Papermaster ("Papermaster") in an action arising from allegations that they breached the settlement agreement in the earlier action. (See Dkt. 1, Complaint at ¶¶ 7-19). Plaintiff filed the operative "corrected" complaint the following day. (See Dkt. 11, Corrected Complaint). Plaintiff asserts claims for entry of judgment against Nano pursuant to the stipulation in the earlier action, and for breach of contract based on Nano's alleged failure to comply with the terms of the settlement. (See id. at ¶¶ 22-31). Plaintiff asserts similar claims against Papermaster based on alter ego theory. (See id. at ¶¶ 6, 20-21, 32-55).

Given that the court expressly declined to retain jurisdiction to enforce the settlement agreement that is the subject of the present dispute, (see Peninsula Ventures I LLC v. Nano Vision PTE LTD, Case No. 20-5332, Dkt. 34, Court's Order of May 17, 2021), and that the crux of this action is to enforce a settlement agreement, the court is not persuaded that it has jurisdiction over this action. Further, plaintiff has failed to allege the citizenship of its members despite asserting that this court has diversity jurisdiction. (See, Dkt. 11, Corrected Complaint at ¶ 1). When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). "[T]he party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016) (quoting NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016). To properly plead diversity jurisdiction "with respect to a limited liability company, the citizenship of all its members must be pled." NewGen, 840 F.3d at 611.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3247 FMO (JEMx) | Date | May 31, 2022 |
|---|---|---|---|
| Title | Peninsula Ventures I LLC v. Nano Vision PTE LTD, et al. | | |

Based on the foregoing, IT IS ORDERED THAT:

1.  Plaintiff shall file a response to this Order to Show Cause no later than **June 7, 2022**, that explains why this court has jurisdiction over this action even though it did not retain jurisdiction to enforce the subject settlement agreement.

2.  Plaintiff shall file a First Amended Complaint no later than **June 7, 2022**, that sets forth the name and citizenship of each member of Peninsula Ventures I LLC.

3.  The First Amended Complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 22-3247 FMO (JEMx).  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make his First Amended Complaint complete.  Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading.  This is because, as a general rule, an amended pleading supersedes the original pleading.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.  In other words, 'the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

4.  Plaintiff is cautioned that failure to comply with the deadlines set forth above shall result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | gga |